UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michelle Ellison and David Ellison,     )<br>                                                        )<br>                     Plaintiffs,           )<br>                                                        )<br>vs.                                                   )<br>                                                        )<br>                                                        )<br>Deputy Brian Proffit; John Does; Glen  )<br>Kirby, and Kenney Boone,               )<br>                                                        )<br>                                                        )<br>                     Defendants.         )<br>                                                        ) | C/A No. 4:16-cv-00847-BHH-KDW<br><br><br><br>REPORT AND RECOMMENDATION |

This case is before the court on a Motion to Dismiss for Failure to State a Claim filed by Brian Proffit, Glen Kirby, and Kenny Boone ("Defendants") on April 26, 2016. ECF No. 8.[1] Michelle Ellison and David Ellison ("Plaintiffs") responded to Defendants' Motion on May 16, 2016, making this Motion ripe for consideration. ECF No. 13. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(f) (D.S.C.), this magistrate judge is authorized to review all pretrial matters and to submit findings and recommendations to the District Court.

I.    Factual and Procedural Background

On November 1, 2013, Plaintiffs went to Michelle Ellison's sister's home to see why members of the Florence County Sheriff's Office were there. Compl. 2, ECF No. 1. While at the home, Plaintiffs became engaged in a confrontation with Defendant Proffit, a sheriff's deputy, resulting in their arrest for the misdemeanor violation of breach of peace. Plaintiffs were released that same day on personal recognizance bonds. *Id*. at 3-4. Two days later, on November 3, 2013,

---

[1] As noted in the caption of this Report and on the docket of this case, Plaintiffs also name "John Doe(s)" as a Defendant; however, Defendants Motion and Memorandum make no reference to John Doe(s). ECF Nos. 8, 8-1.

Plaintiffs were arrested on additional charges. Plaintiff Michelle Ellison was charged with resisting/assault, beat, or wound police officer serving process or while resisting arrest ("the resisting charge"). Plaintiff David Ellison was charged with hindering/hindering an officer ("the hindering charge"). *Id*. at 4-5 Following disposition of the criminal charges, Plaintiffs filed an action in the Florence County Court of Common Pleas on December 16, 2014. *See* Case No. 2014-CP-21-3639 ("the state-court action"). The state-court action asserted South Carolina Tort Claims Act claims against the Florence County Sheriff's Office ("FCSO"). The state-court action alleged causes of action for common law assault and battery, false imprisonment, false arrest, abuse of process, and malicious prosecution against FCSO on behalf of both Plaintiffs. *Id*. at 7. According to Plaintiffs, the FCSO resisted efforts at discovery and misrepresented certain relevant facts during the state-court action. *Id*. at 7-8.

Plaintiffs filed the Complaint under review in this court on March 16, 2016. ECF No. 1. In the Complaint, Plaintiffs assert claims pursuant to 42 U.S.C. § 1983 for Fourth-Amendment violations in the nature of malicious prosecution, supervisory liability, and civil conspiracy, complaining that their arrests were not valid as they were based on improper motives of the arresting officer, Defendant Proffit. Plaintiffs also assert that Defendants Boone, Doe, and Kirby are liable for Defendant Proffit's actions and that they conspired to cover up his wrongdoing. ECF No. 1 at 8-10. Plaintiffs request an unspecified amount of compensatory and punitive damages and attorneys' fees and costs. *Id*. at 11. Defendants filed an Answer to the Complaint, ECF No. 7, and the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) that is the subject of this Report and Recommendation ("Report"). ECF No. 8.

II.     Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In construing a motion to dismiss, the facts, though not the legal conclusions, alleged in a plaintiff's complaint must be taken as true. *Loe v. Armistead*, 582 F.2d 1291, 1292 (4th Cir. 1978); *Iqbal*, 556 U.S. 662. A complaint should survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable. *Id.* at 555. However, a court is not required "to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or a legal conclusion unsupported by factual allegations. *Iqbal*, 556 U.S. at 679.

Dismissal is appropriate when a complaint contains a description of underlying facts that fails to state a viable claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Twombly*, 550 U.S. at 558. Although consideration of matters outside the pleadings generally converts a dismissal motion under Rule 12(b)(6) to a motion for summary judgment, under certain circumstances a court may consider outside documents when ruling on a motion to dismiss. If a document is integral to and explicitly relied on in a complaint, and its authenticity is unchallenged, a court may consider it when ruling on a motion to dismiss. *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). Similarly, a court may consider official public records when ruling on a motion to dismiss. *Witthohn v. Fed. Ins. Co.*, 164 F. App'x. 395, 397 (4th Cir. 2006). When a plaintiff fails to introduce a pertinent document as part of a complaint, the defendant may attach the document to its motion to dismiss and the court may consider same without converting the

3

motion to one for summary judgment. *Gasner v. Cty. of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995); *see also LM Ins. Corp. v. Contingent Res. Solutions, LLC*, No. 7:14-cv-3634-BHH, 2016 WL 728700, at *4 (D.S.C. Feb. 24, 2016).

III. Analysis

    A. Fourth Amendment Malicious-Prosecution[2]

Defendants assert that Plaintiffs' allegations fail to state a plausible Fourth Amendment malicious-prosecution claim because they fail to show that the subject criminal charges were favorably terminated. ECF No. 8-1 at 7. Defendants contend that all of the charges were dismissed because Defendant Proffit, the arresting officer, did not attend required court hearings and, therefore, were not dismissed for reasons indicative of Plaintiffs' innocence. *Id*. Defendants address and discount Plaintiff's Complaint allegations regarding two breach-of-peace charges allegedly disposed by a "bench trial" by stating "there could be no trial without the state presenting evidence and a dismissal from the bench for this reason is not a hearing on the merits and a finding of innocence." *Id*. Defendants further contend that Plaintiffs have not adequately alleged lack of probable cause because their arrests were conducted with a warrant. *Id*.

In their Response to the Motion to Dismiss, Plaintiffs state that "[a]ll of those criminal charges were successfully disposed of in the Plaintiffs' favor." ECF No. 13 at 1. Plaintiffs contend that Defendant Proffit's "failure . . . to even respond to Rule 5/*Brady* requests and appear at multiple court appearances is certainly consistent with the Plaintiffs' allegations and innocence: namely that their arrests lacked probable cause and that the criminal charges against them were instituted for ulterior purposes." *Id*. at 8.

---

[2] Defendants discuss this issue second in their memorandum. ECF No. 8-1 at 6. However, because the issue that they discuss first – supervisory liability – is derivative of the malicious prosecution claim against of Defendant Proffit, *id*. at 4-6, the malicious-prosecution claim is discussed first in this Report.

4

The applicable law indicates that the Fourth Circuit recognizes two distinct causes of action under § 1983 for violations of an individual's Fourth Amendment right against unreasonable seizure. *See Brooks v. Winston-Salem*, 85 F.3d 178, 181-82 (4th Cir. 1996) (citing *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)). The first is a cause of action for false or unlawful arrest or arrest in the absence of legal process. *See Wallace v. Kato*, 549 U.S. 384, 389 (2007). An individual arrested pursuant to a facially valid warrant, however, has no grounds to support this cause of action. *See, e.g., Bellamy v. Wells*, 548 F.Supp.2d 234, 237 (W.D. Va. 2008); *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) ("a claim for false arrest may be considered only when no arrest warrant has been obtained"); *see also Dorn v. Town of Prosperity*, 375 F. App'x 284, 286 (4th Cir. 2010) ("The distinction between malicious prosecution and false arrest . . . is whether the arrest was made pursuant to a warrant.").

The second cause of action lies when there is a violation of an individual's Fourth Amendment right against unreasonable seizures because he or she is subjected to a "malicious prosecution" or an abuse of judicial process. *See Brooks*, 85 F.3d at 182 ("[A]llegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued, are analogous to the common-law tort of malicious prosecution."). Fourth Circuit precedent, however, holds:

> [T]here is no such thing as a '§ 1983 malicious prosecution claim.' What we termed a 'malicious prosecution' claim in *Brooks* is simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution -- specifically, the requirement that the prior proceeding terminate favorable to the plaintiff.

*Snider v. Lee*, 584 F.3d 193, 199 (4th Cir. 2009) (quoting *Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000)). Nevertheless, the Fourth Circuit, as well as other lower courts, continue to identify these claims as "malicious prosecution" claims. *See Evans v. Chalmers*, 703 F.3d 636,

647 (4th Cir. 2012); *Martin v. Conner*, 882 F. Supp. 2d 820, 842 (D. Md. 2012); *Davis v. Back*, No. 3:09CV557, 2010 WL 1779982, at *12 (E.D. Va. Apr. 29, 2010). Here, Plaintiffs do not dispute that they were arrested pursuant to a facially valid warrant. As a result, they may only pursue a § 1983 claim for "malicious prosecution" under the Fourth Amendment, and that is how they couch their claims in this Complaint. ECF No. 1 at 8-9.

The tort of malicious prosecution, to which the Fourth-Amendment claim is analogous, *Brooks*, 85 F.3d at 181-82, is well-established: a prima facie case of malicious prosecution must include (1) the initiation or maintenance of a proceeding against the plaintiff by the defendant; (2) termination of that proceeding favorable to the plaintiff; (3) lack of probable cause to support that proceeding; and (4) the defendant's malice. *See* W. Keeton, D. Dobbs, R. Keeton, & D. Owen, *Prosser and Keeton on Law of Torts* 874 (5th Ed.1984). The Fourth Circuit Court of Appeals has held that the requirement established in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), that convictions be set aside or charges finally dismissed before a §1983 civil constitutional-violation claim arising from a criminal prosecution may be pursued is a favorable-termination rule equivalent to the one applicable to state-law-based malicious-prosecution claims. *Brooks*, 85 F.3d at 183. Under applicable law, if a conviction is not actually obtained on the disputed criminal charges, the favorable-termination rule requires that prosecution of such charges be terminated "for reasons indicative of the innocence" of the criminal defendant (the civil plaintiff). Restatement (Second) of Torts § 660 (Am. Law Inst. 1977); *see Key v. Miano*, No. 1:11-1613-DCN-SVH, 2012 WL 5398194, at *3(Oct. 10, 2012), *report and recommendation adopted*, 2012 WL 5398191 (D.S.C. Nov. 2, 2012), *aff'd*, 515 F. App'x 2013 (4th Cir.), *cert. denied*, 134 S. Ct. 642 (2013); *Jackson v. Gable*, No. 0:05-2591-HFF-BM, 2006 WL 1487047, at *6 (D.S.C. May 25, 2006). In this regard, courts within the Fourth Circuit, including this court,

have held that dismissal of charges for reasons not indicative of innocence of the accused does not satisfy the malicious prosecution element of favorable termination. *See, e.g.*, *Denmark v. Starcher*, No. 1:14CV58, 2016 WL 1122085, at *6-7 (N.D.W. Va. Mar. 22, 2016) (dismissal under a state statute requiring indictment within two terms of court, not favorable termination); *Fritz v. Akosomitas*, No. 2:13-3532-RMG, 2015 WL 1346311, at *6 (D.S.C. Mar. 23, 2015) (no malicious-prosecution claim where charges were dismissed in connection with a plea to other charges), *aff'd*, 610 F. App'x 268 (4th Cir. 2015); *Lantz v. Fischer*, No. 2:00CV00024, 2001 WL 420377, at *3 (W.D. Va. Jan. 26, 2001) (citing Virginia law) (where criminal defendant agrees to an arrangement by which his prosecution is terminated without a determination of the merits, there is no favorable termination and, thus, no plausible malicious-prosecution claim); *see also Wilkins v. DeReyes*, 528 F.3d 790, 802-03 (10th Cir. 2008). The undersigned will address the allegations related to the separate charges in turn.

   1. The Hindering and Resisting Charges

The Complaint allegations relevant to this issue are:

24.  At the time of the November 3, 2013 booking, PROFFIT charged the Ellisons with the following:

   a.  MICHELLE: Resisting/Assault, Beat, or Wound police officer serving process or while resisting arrest, §16-9-320(B), felony carrying a fine between $1000 and $10,000 and/or imprisonment not more than 10 years . . . . ,

   b.  DAVID: Hindering/Hindering an officer, Common law, while classified as a common law "misdemeanor," it carries a sentence of not more than 10 years and/or a fine.

   . . . .

32.  On January 17, 2014, *PROFFIT failed to appear for the jury strike on Plaintiff DAVID's hindering charge* and that charge was dismissed.

7

> 33. On May 6, 2014, a preliminary hearing was held at the Timmonsville Magistrate Court on Plaintiff MICHELLE's General Sessions resisting charge. An assistant solicitor (asol) appeared on behalf of the state. *PROFFIT did not appear.* As such, the resisting charge was dismissed.

ECF No. 1 at 6 (emphasis added).

Regarding the hindering and resisting charges, while it is Plaintiffs' burden to show favorable termination, *Washington v. Summerville*, 127 F.3d 552, 557 (7th Cir. 1997), Plaintiffs do not allege and do not represent in their Response that those charges were dismissed for reasons indicative of their innocence, *see* Restatement (Second) of Torts § 660 cmt. (Am. Law Inst. 1977) ("Proceedings are 'terminated in favor of the accused' . . . only when their final disposition is such as to indicate the innocence of the accused."). Instead, the allegations indicate that the charges were dismissed because Defendant Proffit did not respond to discovery requests or attend certain court dates where his presence was required. Plaintiffs do not allege or represent that the charges were dismissed because they were innocent of the charges. In their Response, Plaintiffs represent that the charges were "successfully disposed of." ECF No. 13 at 1. However, without explanation of how and under what circumstances they were disposed, Plaintiffs' assertion is too conclusory to show a favorable termination for reasons of innocence in light of the allegations on the face of the Complaint indicating that the charges were dismissed for procedural reasons other than Plaintiffs' innocence.

Plaintiffs argue -- without on-point legal citations -- that dismissal of pending criminal charges as a sanction for failure of a prosecuting witness to appear at a hearing or trial qualifies as a favorable termination. ECF No. 13 at 8.[3] However, despite the absence of controlling

---

[3] Plaintiffs cite to *McKenney v. Jack Eckerd Co.*, 402 S.E.2d 887 (S.C. 1991); however, that citation is unavailing because that case does not discuss a factual situation such as the one presented in this case where criminal charges were dismissed essentially as a sanction against the State for failure to have a complaining witness available at a hearing. Instead, the *McKenney*

8

authority from the Fourth Circuit Court of Appeals or this court, in light of authority from outside this Circuit, the undersigned finds that such a dismissal of charges is not indicative of the Plaintiffs' innocence. *See, e.g. McGann v. Collingswood Police Dep't*, No. CIV. 10-3458 NLH/KMW, 2012 WL 6568397, at *8 (D.N.J. Dec. 17, 2012) (charge of harassment was ultimately dismissed in municipal court for lack of prosecution because no one from the Department attended the hearing regarding that final Complaint–Summons; held, not favorable termination and summary judgment granted for defendant); *Makboul v. Port Authority of N.Y. & N.J.,* No. 09-3540, 2011 WL 4594224, at *6 (D.N.J. Sept. 29, 2011) (granting summary judgment on malicious prosecution claim because a municipal court dismissal for lack of prosecution based on defendant officers' failure to appear did not satisfy the favorable termination element because such a dismissal was not indicative of plaintiff's innocence); *Povertud v. City of N.Y.*, 750 F.3d 121, 130-32 (2d Cir. 2014) (favorable termination does not include where charge is abandoned or prosecutor fails to prosecute based on a compromise). *But see Garcia v. City of Chicago*, No. 09 C 5598, 2012 WL 601844, at *10 (N.D. Ill. Feb. 23, 2012) (dismissal of charges for failure of law enforcement witness to appear constitutes favorable termination).

Plaintiffs have not adequately pleaded that some of the criminal charges filed against them as a result of Defendant Proffit's actions were favorably terminated as a matter of law. Plaintiffs' § 1983 Fourth-Amendment malicious-prosecution claims related to the hindering and resisting charges are barred by *Heck v. Humphrey*. Accordingly, Defendants' Motion to Dismiss

---

court merely adopted the "majority rule" holding that favorable termination is shown where charges were nolle prossed "for reasons which imply or are consistent with innocence of the accused." *Id*. at 888. It makes no findings or conclusions about what kind of situations show that a dismissal implies or is consistent with the innocence of the accused.

should be granted on Plaintiffs' § 1983 Fourth Amendment malicious-prosecution claims insofar as they relate to the hindering and resisting charges.

### 2. The Breach-of-Peace Charges

The Complaint allegations relevant to this issue are:

17. At the time of the November 1, 2013 booking, PROFFIT charged the Ellisons with the following:

    a. MICHELLE: Breach of Peace, §22-5-150, misdemeanor carrying a fine not exceeding $500 and/or imprisonment not exceeding 30 days.

    b. DAVID: Breach of Peace, §22-5-150, misdemeanor carrying a fine not exceeding $500 and/or imprisonment not exceeding 30 days.

    . . . .

34. On October 6, 2014, both Plaintiffs were scheduled to strike juries at the Florence County Magistrate's Court for the two remaining breach of peace charges. *PROFFIT failed to appear and those charges were disposed of by a bench trial finding the Plaintiffs not guilty.*

ECF No. 1 at 6 (emphasis added).

Unlike Plaintiffs' allegations relating to the hindering and resisting charges, Plaintiffs allege that the charges of breach of peace were dismissed after "a bench trial" on a finding of "not guilty." *Id*. These allegations are adequate to show favorable termination. Moreover, the factual allegations that the charges were based on questionable law-enforcement activity during and after the arrests are adequate to satisfy the malicious-prosecution element of lack of probable cause and malice on Defendant Proffit's part. As a result, a plausible § 1983 claim based on the breach-of-peace charges is pleaded against Defendant Proffit. Accordingly, Defendants' Motion to Dismiss Plaintiffs' § 1983 Fourth-Amendment malicious-prosecution claim as to the breach-of-peace charges should be denied.

B. Supervisory Liability for § 1983 Malicious Prosecution

Defendants Boone and Kirby contend that even if a plausible § 1983 malicious-prosecution claim is stated against Defendant Proffit, Plaintiffs have failed to adequately allege that they are responsible for Profitt's actions because they were not personally involved in the disputed arrests. ECF No. 8-1 at 5. Defendants also contend that Plaintiffs' allegations do not show that there was "widespread and pervasive constitutionally offensive conduct" of which they should have been aware or that they "tacitly authorized such." *Id*. Plaintiffs contend that their allegations are sufficient to establish a facially plausible supervisory liability claim where they show that Defendants Boone and Kirby, each supervisors of Proffit, became aware of Proffit's activities at the latest when Plaintiffs' filed a state-court action and then undertook questionable litigation tactics to cover up those activities. ECF No. 13 at 4, 6. Plaintiffs assert that their allegations that Defendants Boone and Kirby, as a policy makers for the FCSO, attempted to cover up Proffit's actions by obstructing discovery and misrepresenting the extent of the office's investigation of those actions show that they "officially sanctioned and ratified PROFFIT'S conduct." *Id*. at 7

The applicable law holds that supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates. *See Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984); *Withers v. Levine*, 615 F.2d 158 (4th Cir. 1980). In *Slakan*, the Fourth Circuit reasoned that liability is not premised upon respondeat superior but upon "a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Slakan*, 737 F.2d at 372-73. To establish supervisory liability under § 1983, a plaintiff must establish the following three elements:

11

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

> In other words, the *Shaw* court found: "To satisfy the requirements of the first element, a plaintiff must show the following: (1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff." *Id*. "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury."

*Id*.

At this early stage of the litigation, in light of the Complaint allegations regarding the conduct of the state litigation, the undersigned recommends denying Defendants' Motion to Dismiss on the issue of supervisory liability. The undersigned believes that it is possible for Plaintiffs to prove sufficient knowledge and tacit authorization of Defendant Proffit's allegedly unconstitutional conduct on Defendants Boone's, Kirby's, and Does' part to hold them liable for the conduct because of their supervisory positions with the FCSO. The allegations that Proffit engaged in allegedly unconstitutional behavior more than once, such as possible excessive force during the initial arrest and subsequent retaliatory filing of additional charges against Plaintiffs, are sufficient at this stage of the litigation to show the required pervasive and unreasonable risk of constitutional violation. Also, the allegations that Defendants Boone, Kirby, and Doe knew of the alleged pervasive and unreasonable conduct of Proffit through Plaintiffs' institution of litigation in state court are sufficient to satisfy the first element of supervisory liability. The Complaint allegations are also adequate to satisfy the second and third *Shaw v. Stroud* elements

because Plaintiffs assert that Defendants did not attempt to correct Proffit's conduct. Instead, Plaintiffs allege that Defendants tried to cover it up during the state-court litigation, and that their damages were caused by Proffit's uncorrected actions. Accordingly, Defendants' Motion to Dismiss the supervisory liability claim should be denied.

C.  § 1983 Civil Conspiracy

Defendants assert that Plaintiffs' allegations in this count are too conclusory to state a plausible § 1983 civil-conspiracy claim. ECF No. 8-1 at 9. Plaintiffs respond that their factual allegations are sufficiently detailed as to Defendants' dilatory and misleading actions in the state-court case to show that they entered into an agreement to cover up Defendant Proffit's wrongdoing. ECF No. 13 at 9-10.

"To state a claim for conspiracy to deprive an individual of a constitutional right in violation of § 1983, Plaintiff must allege that defendants (1) 'acted jointly in concert' and (2) performed an overt act (3) 'in furtherance of the conspiracy' that (4) resulted in the deprivation of a constitutional right." *Harrison v. Prince William Cty. Police Dep't*, 640 F. Supp. 2d 688, 706-07 (E.D. Va. 2009). The Fourth Circuit has stated that "[t]o establish a civil conspiracy under §1983, [Plaintiff] must present evidence that the [Defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [Plaintiff's] deprivation of a constitutional right." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). The *Hinkle* court held that a plaintiff must at least come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective. In other words, "[Plaintiff's] evidence must, at least, reasonably lead to the inference that [Defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." *Id*. at 422.

13

The relevant Complaint allegations state:

> 51. That Defendants DOE, KIRBY and BOONE are responsible for the acts and omissions as described in paragraphs thirty-seven (37) through forty (40).
>
> 52. That the acts and omissions as described in paragraphs thirty-seven (37) through forty (40) constitute evidence that Defendants DOE, KIRBY and BOONE acted jointly in concert, engaging in overt acts and omissions in furtherance of a conspiracy resulting the deprivation of constitutional rights of the Plaintiffs.
>
> 53. That the acts and omissions of Defendants DOE, KIRBY and BOONE as described in paragraphs thirty-seven (37) through forty (40) were performed recklessly with deliberate indifference to the Plaintiffs' pursuit of compensation for their injuries.
>
> 54. As a result of the willful, knowing and grossly negligent acts and omissions by Defendants DOE, KIRBY and BOONE in conspiring to cover up the constitutional violations of Defendant PROFFIT and other state agents . . . .

The paragraphs referred to within the count allegations (37-40) read:

> 37. During the course of the litigation of the state case, FCSO objected to providing basic discovery, forcing the Plaintiffs to file a motion to compel.
>
> 38. A hearing was held on the Plaintiffs motion to compel in the state case on July 31, 2015. At that hearing, FCSO represented on the record that the underlying incident involving PROFFIT "was reviewed, as all use of force is reviewed, internally, and it was found not to be excessive." The Court granted the Plaintiffs' motion to compel and ordered FCSO to provide written responses to interrogatories and produce employee files for PROFFIT and BROWN.
>
> 39. Subsequent to the hearing described in paragraph thirty-eight (38) above, FCSO responded to Plaintiffs' Interrogatory No. 6 claiming that PROFFIT's actions were reasonable because he was "defending himself from attack."
>
> 40. Subsequent discovery in the state case showed that PROFFIT was not defending himself from attack when he laid hands on MICHELLE and that FCSO had never done any internal review/investigation of the incident.

ECF No. 1 at 10, 8.

Here, Plaintiff's allegations do not establish a plausible § 1983 civil-conspiracy claim because they fail to show any agreement or mutual understanding among these particular

Defendants that resulted in the deprivation of a constitutional right. The gist of Plaintiffs' allegations is that whoever was in control of the defense in the state-court case – who Plaintiffs allege was "FCSO" – misrepresented certain facts at a hearing and withheld or delayed providing certain facts in response to discovery request, thereby making it more difficult for Plaintiffs to prevail in the litigation. Plaintiffs call this a "cover up," but they do not cite to any particular federal constitutional right that such activity allegedly violated. There is no general constitutional right to successfully pursue a civil action where there are no allegations from which denial of access to court can be inferred. *See Hinkle v. City of Clarksburg*, 81 F.3d at 422 (conspiracy to deny access to court not proven where support was too speculative; summary judgment for the defendants). There are no facts showing that any of the Defendants did anything to deny Plaintiffs access to court or to violate any other constitutional right. Plaintiffs' allegations show, at most, that the FCSO was trying to prevail in the litigation, not that it was depriving Plaintiffs of some undisclosed constitutional right. Similar allegations have been found by this court to be inadequate to state a plausible § 1983 civil-conspiracy claim. *See Paul v. S. C. Dep't of Transp*., No. 3:13-1852-CMC-PJG, 2014 WL 5025815, at *10 (D.S.C. Oct. 8, 2014) (dismissing conspiracy claims where the plaintiff alleged defendants' litigation activity deprived him of due process).

Moreover, there are no factual allegations indicating how Defendants Boone, Kirby, or Does "are responsible" for the way in which the state-court litigation was conducted. Plaintiffs fail to show any overt act in furtherance of a conspiracy on the part of Defendant Boone, Kirby, or Doe because they allege only in conclusory fashion that Defendants, collectively, "are responsible" for litigation decisions but they do not allege how each person, individually, is responsible for what appear to be, at most, questionable litigation tactics. This court is not

required to accept the truth of conclusory allegations or legal conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (a complaint must contain sufficient facts to support a claim, not mere labels and legal conclusions). There are no factual allegations that any of the three named Defendants personally responded to the subject discovery requests or that they maintained any form of control over the litigation and they do not allege what, exactly, each Defendant personally did in furtherance of the alleged conspiracy. Accordingly, Defendants' Motion to Dismiss should be granted as to the §1983 civil-conspiracy claim.

D. Eleventh-Amendment Immunity

Defendants contend that they are entitled to immunity under the Eleventh Amendment to the United States Constitution from Plaintiffs' claims because Plaintiffs are suing them in their official capacities. ECF No. 8-1 at 9-10. Plaintiffs respond that they are only suing Defendants in their individual capacities, and that their use of descriptive language about Defendants' employment status in the caption and in the "Parties and Jurisdiction" section of the Complaint does not change that fact. ECF No. 13 at 10. The undersigned's review of the Complaint discloses that it is obvious that Defendants are being sued in their individual capacities, not in their official capacities. Plaintiffs' allegations are sufficiently clear where they state "in his individual capacity" after each Defendant's name in the caption and in the "Parties and Jurisdiction" section wherein they say the Defendant "is sued in his individual capacity . . . ." ECF No. 1 at 1-2. Thus, Defendants are not entitled to Eleventh-Amendment Immunity. *Brown v. Lieutenant Governor's Office on Aging*, 697 F. Supp. 2d 632, 635 (D.S.C. 2010). Accordingly, Defendants' Motion to Dismiss on Eleventh-Amendment grounds should be denied.[4]

---

[4] Defendants also ask this court to abstain from this case in favor of the state-court case. ECF No. 8-1 at 7-8. There is no basis for abstention because it appears that the state-court action pursued by Plaintiffs against Defendants is no longer active. The online records of the Florence County

IV.     Conclusion

To the extent Defendants seek dismissal of Plaintiff's claims of malicious prosecution relating to the hindering and resisting charges and § 1983 civil conspiracy, the undersigned recommends granting Defendants' Motion to Dismiss. However, at this early stage in litigation the undersigned recommends denying Defendants' Motion to Dismiss Plaintiffs' claims for § 1983 malicious prosecution as to the breach-of-peace charges and supervisory liability. Defendants' Motion to Dismiss should also be denied insofar as it asserts Eleventh-Amendment Immunity.

Based on the foregoing, the undersigned recommends that Defendants' Motion to Dismiss, ECF No. 8, be granted in part and denied in part and that Plaintiffs' Complaint be partially dismissed with prejudice.

IT IS SO RECOMMENDED.

*[signature: Kaymani D. West]*

January 24, 2017                                                Kaymani D. West
Florence, South Carolina                                        United States Magistrate Judge


**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

Clerk of Court show that it went to trial, resulting in a defense verdict on May 25, 2016. http://publicindex.sccourts.org/Florence/PublicIndex/CaseDetails.aspx?County=21&CourtAgency=21002&Casenum=2014CP2103639&CaseType=V&HKey=50111477943689984122846786108988510510657104102721054899113671049012110112269797980113896611152666769.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).